# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1997

FILED

March 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| HAROLD VERNON SMITH, | ) | C.C.A. NO. 03C01-9704-CR-00130 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | HAWKINS COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF HAWKINS COUNTY

FOR THE APPELLANT:

HAROLD VERNON SMITH
Pro Se
Ann X N.E.C.C.
P.O. Box 5000
Mountain City, TN 37683-5000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SANDY COPOUS PATRICK
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

C. BERKELEY BELL
District Attorney General

DOUG GODBEE
Assistant District Attorney General
Courthouse, Main Street
Rogersville, TN 37857

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

DAVID H. WELLES, JUDGE

# ORDER

The Petitioner, Harold Vernon Smith, appeals the trial court's dismissal of his *pro se* petition for post-conviction relief. The is the latest installment of his collateral challenges to his life sentence as an habitual criminal. In his petition, he argued that the indictments for the underlying offenses failed to charge essential elements of the offenses. The trial court dismissed the petition. We conclude that the Appellant is not entitled to post-conviction relief and we therefore affirm the trial court's order of dismissal.

The Petitioner was convicted of five counts of armed robbery on June 15, 1981 and sentenced to life imprisonment as an habitual criminal. The convictions were affirmed by this Court on June 11, 1982 and the supreme court denied permission to appeal on September 7, 1982. State v. Smith, 639 S.W.2d 677 (Tenn. Crim. App.) perm. to appeal denied (Tenn. 1982). The Petitioner filed the current petition for post-conviction relief on January 24, 1997. The trial court dismissed the petition without a hearing on February 28, 1997, finding that it was barred by the statute of limitations. The Petitioner now appeals.

The new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). This Act provides, in pertinent part, that "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes

to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). The convictions in question became final on September 7, 1982. The previous three-year statute of limitations began to run for the Petitioner on July 1, 1986, and expired on July 1, 1989. As a result, the Petitioner was already barred by the previous statute of limitations on the date the new Act took effect, May 10, 1995. See Carter v. State, 952 S.W. 2d 417 (Tenn. 1997). Nor does the Petitioner's claim fit within any of the statutorily-recognized exceptions to the statute of limitations. See Tenn.Code Ann. § 40-30-202(b)--(c) (Supp.1996). Thus, the trial court did not err in finding that the petition was barred by the statute of limitations.

Even if we were to address the Petitioner's claim on its merits, we would conclude that it has no merit. In support of his petition and argument, the Petitioner relies primarily upon the decision of this Court in State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., Nashville, June 20, 1996). We first note that this Court's decision in Hill was based upon an interpretation of our new criminal code, and this code is applicable only to offenses occurring after November 1, 1989. Secondly, our supreme court has reversed this Court's decision in Hill. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997).

In the case sub judice, we have examined the language of the challenged indictment and we conclude that the indictment adequately alleged the criminal offenses charged and sufficiently informed the Petitioner of the charges against him such that the convicting court had jurisdiction. We see no reason for further discussion or analysis. The Petitioner's convictions are not void. Thus, his

petition presents no cognizable claim for the purposes of post-conviction relief or habeas corpus relief. See Charles Edward Orren v. State, C.C.A. No. 03C01-9704-CR-00141, Johnson County (Tenn. Crim. App., Knoxville, Feb. 13, 1998); George F. Jones, Jr. v. State, C.C.A. No. 03C01-9702-CR-00062, Johnson County (Tenn. Crim. App., Knoxville, Feb. 3, 1998); Randy Blaine Knight v. Carlton, Warden, C.C.A. No. 03C01-9705-CR-00162, Johnson County (Tenn. Crim. App., Knoxville, Jan. 26, 1998); Perry C. Riley v. State, C.C.A. No. 03C01-9705-CR-00181, Morgan County (Tenn. Crim. App., Knoxville, Jan. 23, 1998); Roy A. Burch v. State, C.C.A. No. 03C01-9610-CR-00391, Johnson County, (Tenn. Crim. App., Knoxville, Jan. 16, 1998); State v. Darel G. Bolin, C.C.A. No. 03C01-9212-CR-00450, Cumberland County (Tenn. Crim. App., Knoxville, Jan. 15, 1998); Joseph Ronald Duclos v. State, C.C.A. No. 03C01-9705-CR-00182, Morgan County (Tenn. Crim. App., Knoxville, Jan. 16, 1998);State v. Rogers L. McKinley, C.C.A. No. 03C01-9612-CR-00455, Bledsoe County (Tenn. Crim. App., Knoxville, Jan. 6, 1998); Timothy Wayne Johnson v. Bowlen, Warden, C.C.A. No. 03C01-9611-CR-00443, Bledsoe County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Darryl Douglas Sheets v. State, C.C.A. No. 03C01-9701-CR-00031, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Jerry Cox v. State,C.C.A. No. 03C01-9610-CR-00392, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Bruce Belk v. State, C.C.A. No. 03C01-9703-CR-00109, Morgan County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Abel Rodriguez, Jr. v. State,C.C.A. No. 03C01-9612-CR-00463, Greene County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Donald Wayne Holt v. State, C.C.A. No. 03C01-9702-CR-00059, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Gene Hibbard v. State, C.C.A. No. 03C01-9702-CR-00077, Knox County (Tenn. Crim. App., Knoxville, Dec. 23, 1997).

We conclude that no error of law requiring a reversal of the judgment is apparent on the record. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODAL, JUDGE